Jeff P. Prostok
State Bar No. 16352500
Matthew G. Maben
State Bar No. 24037008
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
mmaben@forsheyprostok.com

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| STRINGER FARMS, INC., | ) | Case No. 16-44821-rfn11 |
| CHARLES BLAKE STRINGER, | ) | Case No. 16-44871-rfn11 |
| | ) | |
| Debtors. | ) | **Jointly Administered Under** |
| | ) | **Case No. 16-44821-rfn11** |

## FIRST MODIFICATION TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF STRINGER FARMS, INC. AND CHARLES BLAKE STRINGER

TO THE HONORABLE RUSSELL F. NELMS, U.S. BANKRUPTCY JUDGE:

Come now Stringer Farms, Inc. and Charles Blake Stringer, debtors and debtors-in-possession in the above-captioned chapter 11 cases, and file this First Modification (the "First Modification") to the First Amended Joint Plan of Reorganization of Stringer Farms, Inc. and Charles Blake Stringer (the "Plan") [Docket No. 243].

1.     Reference is here made to the Plan for all purposes. This First Modification modifies the Plan. This First Modification is filed to (a) correct a typographical error contained in Section 4.9(a)(i) of the Plan, as filed, and (b) replace the document attached as Exhibit "A" to the Plan, as filed, with a corrected and updated version thereof.

### I. Modification to Article IV (Treatment of Claims and Interests)

2.     **Modification to Section 4.9(a)(i)**. Section 4.9(a)(i) of the Plan is hereby modified to read as follows:

Page 1 of 3

(i)      In full, final and complete satisfaction of its Allowed Unsecured (General) Claim, each holder of an Allowed Class 9 Claim shall receive, promptly after the Effective Date, but in no event later than January 31, 2018, a Pro Rata Share of the sum of two million dollars ($2,000,000.00) (the "Class 9 Distribution Amount").  The Class 9 Distribution Amount shall be funded from one or both of (A) a portion of the proceeds received by the Debtors from the sale of their 2017 corn and hybrid seed crops and/or proceeds received by the Debtors from insurance claims made with respect to their 2017 corn crops, and (B) a portion of the proceeds of the Exit Loan.

## II.  Modification to Exhibit to the Plan

3.      Exhibit "A" to the Plan is hereby replaced with the document attached as **Exhibit "1"** to this First Modification.


[The remainder of this page has been left intentionally blank]

Dated: December 6, 2017.

Respectfully submitted,

/s/ Charles Blake Stringer
Charles Blake Stringer, Individually

**STRINGER FARMS, INC.**

By: /s/ Charles Blake Stringer
Charles Blake Stringer, President

APPROVED:

/s/ Jeff P. Prostok
Jeff P. Prostok
State Bar No. 16352500
Matthew G. Maben
State Bar No. 24037008
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
mmaben@forsheyprostok.com

ATTORNEYS FOR STRINGER FARMS, INC.
AND CHARLES BLAKE STRINGER, DEBTORS
AND DEBTORS IN POSSESSION

L:\BFORSHEY\Stringer, Blake #5849 (C11)\Plan and Disclosure Statement\First Modification to First Amended Plan 12.06.17.doc

# EXHIBIT "1"

# TRUST AGREEMENT

This Trust Agreement (the "Agreement"), dated as of _____, 2018, is established pursuant to the First Amended Joint Plan of Reorganization (the "Plan", docket item No. 243) filed by the debtors in the cases of Stringer Farms, Inc. Case No. 16-44821-rfn-11 and Charles Blake Stringer, Case No. 16-44871-rfn-11, (collectively, the "Debtors"), administratively consolidated under Case No. 16-44821-rfn-11, for the benefit of the Trust Beneficiaries (as hereinafter described). All capitalized terms used herein and not otherwise defined herein shall have the meanings assigned thereto in the Plan, unless the context clearly requires otherwise. As used in this Agreement, any other terms defined in the Bankruptcy Code shall have the meanings assigned thereto in the Bankruptcy Code, unless the context clearly requires otherwise.

WHEREAS, on December 4, 2017, the Debtors filed the Plan with the United States Bankruptcy Court;

WHEREAS, the Court confirmed the Plan by entering the Order Confirming Plan of Reorganization on January__, 2018;

WHEREAS, the Plan provides for the contingent creation of a trust to be composed of the Liquidating Trust Assets (as defined in the Plan) to be administered and liquidated for the benefit of the Claimants of the Debtors, and the contingency triggering the creation of the Trust pursuant to Section 7.1 of the Plan has occurred;

WHEREAS, this Trust shall be administered by a Liquidating Trustee, appointed in the Plan and approved by the Court, all pursuant to the terms of the Plan;

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto do hereby covenant and agree as follows:

## I.   CREATION OF THE AGREEMENT

1.   <u>Purpose of Trust</u>. The Debtors, in compliance with the Plan and by and through their authorized representative set forth hereinbelow, hereby constitute and create this Trust (the "Stringer Liquidating Trust"), for the primary purpose of effecting an orderly disposition and liquidation of the Assets transferred to it pursuant to the Plan. This liquidation process shall lead to the distribution of the Net Proceeds of the Liquidating Trust Assets to the holders of Allowed Claims who are members of Classes as these classes are defined in Articles III and IV of the Plan (collectively, the "Trust Beneficiaries").

2.   <u>The Trust</u>. The Stringer Liquidating Trust is established under the Plan to administer the Claims against and Assets (including Causes of Action) of the Debtors' Estates. There shall be one Stringer Liquidating Trust to administer the Claims against, and Assets of, both Debtors. The Stringer Liquidating Trust shall exist from and after the Liquidating Trust Effective Date, as such term is defined by the Plan, with all the powers of a trust under applicable Texas law. Within the limits of applicable law, the Stringer Liquidating Trust is a qualified settlement

fund or a grantor trust for tax purposes, as the Liquidating Trustee determines to be in the best interest of Creditors and the Estates. The Liquidating Trustee shall serve as the successor in interest to the Debtors' Estates pursuant to Section 1123(b)(3) of the Bankruptcy Code and, as such, shall have all rights and authority to administer Claims and liquidate and distribute the Liquidating Trust Assets for the benefit of Creditors. For federal income tax purposes, each Debtor shall be deemed to have transferred the Liquidating Trust Assets to the Trust Beneficiaries and thereupon the Trust Beneficiaries shall be deemed to have transferred the Liquidating Trust Assets to the Stringer Liquidating Trust. The Stringer Liquidating Trust is intended to be treated as a trust pursuant to Treasury Regulations § 301.7701-4(d), and as a grantor trust subject to the provisions of Subchapter J, Subpart E of the Internal Revenue Code, owned by the Trust Beneficiaries as grantors. Any items of income, deduction, credit, or loss of the Stringer Liquidating Trust shall be allocated for federal income tax purposes among the Trust Beneficiaries on the basis of their beneficial interests. The Liquidating Trustee is authorized to take any action that may be necessary or appropriate to minimize any potential tax liability of the Trust Beneficiaries arising out of the operations of the Stringer Liquidating Trust.

      3.   <u>Appointment and Powers of the Liquidating Trustee.</u> There shall be one Liquidating Trustee, who shall be appointed on the Liquidating Trust Effective Date in the Confirmation Order. Tyrone Tyll shall act as the Liquidating Trustee (the "Liquidating Trustee"). The Liquidating Trustee will serve from and after the Liquidating Trust Effective Date for as long as the Stringer Liquidating Trust remains in existence, or until a successor is appointed. Unless expressly required in the Plan, the Liquidating Trustee shall have the authority to take such actions as necessary to implement the provisions of the Plan and this Agreement without further order or approval from the Bankruptcy Court.

      4.   <u>Authority of the Trustee.</u> In implementing the provisions of the Plan and this Agreement, the Liquidating Trustee shall have the authority to exercise the following powers and perform the following acts:

      i.  Perfect and secure all rights, titles and interests in and to any and all Liquidating Trust Assets;

      ii.  Conserve, protect, collect and liquidate or otherwise convert all Liquidating Trust Assets into Cash;

      iii. Sell and convey, for Cash, all of the interests of the Debtors, their bankruptcy Estates, and the Liquidating Trust, in and to Liquidating Trust Assets to one or more third party purchasers, and to do so free and clear of liens, claims, and encumbrances under section 363 of the Bankruptcy Code with approval of the Bankruptcy Court;

      iv. Borrow funds, secured by the Assets of the Stringer Liquidating Trust, for the purpose of discharging the Sandton DIP Loan Claim;

      v.  Make Distributions to the appropriate beneficiaries as specified in the Plan and this Agreement;

      vi. Release, convey, subordinate or assign any right, title or interest in or to the Liquidating Trust Assets, to the extent provided for in the Plan;

<u>TRUST AGREEMENT</u> - <u>PAGE 2</u>

vii. Establish and maintain any reserves required under the Plan and this Agreement, or such other reserves as the Liquidating Trustee deems necessary or appropriate, including the Trust Reserve;

viii. Consistent with the allocations provided in the Plan, pay and discharge any costs, expenses, fees or obligations deemed necessary to preserve and maximize the value of the Liquidating Trust Assets, and to protect the Stringer Liquidating Trust and the Liquidating Trustee from liability;

ix. Deposit Stringer Liquidating Trust funds and draw checks and make Distributions thereof;

x. Employ such attorneys, accountants, engineers, agents, tax specialists, other professionals, and clerical assistance as the Liquidating Trustee may deem necessary;

xi. Pay reasonable fees and expenses of all such professionals of the Stringer Liquidating Trust on a monthly basis;

xii. Exercise any and all powers granted the Liquidating Trustee by any agreements or by Texas common law or any statute that serves to increase the extent of the powers granted to the Liquidating Trustee hereunder;

xiii. Take any action required or permitted by this Plan or the Liquidating Trust Agreement;xiv. Assert claims or Causes of Action in federal or state court or any other tribunal with competent jurisdiction and authority to adjudicate such actions; including, but not limited to all causes of action described in the Disclosure Statement as any cause of action or claim, including Avoidance Actions, which may be asserted by a chapter 11 trustee in the Debtors' cases, the Liquidating Trustee, or the Estate of any Debtor, whether or not such Cause of Action has been filed in a court of competent jurisdiction;

xv. Settle compromise or adjust by arbitration, or otherwise, any disputes or controversies in favor or against the Stringer Liquidating Trust;

xvi. Waive or release rights of any kind;

xvii. Appoint, remove and act through agents, managers and employees and confer upon them such power and authority as may be necessary or advisable;

xviii. Negotiate, renegotiate or enter into any contract or agreements binding the Stringer Liquidating Trust, and to execute, acknowledge and deliver any and all investments that are necessary, required or deemed by the Liquidating Trustee to be advisable in connection with the performance of his/her duties;

xix. Commence, prosecute, and settle objections to Claims against the Debtors or their Estates; and

xx. In general, without in any manner limiting any of the foregoing, deal with the Liquidating Trust Assets or any part or parts thereof in all other ways as would be lawful for any Person owing the same to deal therewith, whether similar to or different from the ways above specified, at any time or times hereafter. In connection with the handling of

Liquidating Trust Assets, the Liquidating Trustee shall comply with all provisions of the Internal Revenue Code by, among other things, filing trust tax returns as required by applicable law and by paying any and all taxes incurred by the Stringer Liquidating Trust as such taxes come due.

5. <u>Preservation and Recovery of Actions</u>. It is the intention of the Bankruptcy Court that the interpretation of the causes of action are to be preserved, including all express or implied right to recover for potential Causes of Action identified in the Disclosure Statement related to prepetition transfers of assets and actions of individuals any cause of action that may be brought under Title 11 U.S.C. Chapter 5. This broad grant to the Stringer Liquidating Trust to recover is intended to include any and all legal and equitable causes of action, including in tort, contract, statutory or common law of any type or kind. This notice should be considered broadly to include the potential recovery for mediate or immediate recipients of transfers and for recovery of all legal and equitable actions that may be pursued, including actions but not limited to under sections 542, 544, 547, 548, 549 and 550, and including but not limited to actions for breach of fiduciary duty or other malfeasance.

6. <u>Future Stringer Liquidating Trustee Compensation and Expenses and Fees</u>. The Liquidating Trustee shall be compensated for services as follows: (a) $5,000.00 per week commencing on the Liquidating Trust Effective Date and for the twenty (20) week period following the Liquidating Trust Effective Date; and thereafter $2,000.00 per month until the final Distribution to beneficiaries under the Plan is made; (b) a commission of two percent (2%) of the gross sales price of all Assets sold by the Liquidating Trustee upon closing; and (c) reimbursement of actual reasonable and necessary expenses incurred in connection with performing the duties hereunder. Professionals retained by the Liquidating Trustee shall be entitled to reasonable compensation for services rendered and reimbursement of expenses incurred. No Bankruptcy Court approval shall be required for the employment, compensation, or reimbursement of the Liquidating Trustee, or any employees or professionals retained by the Liquidating Trustee. The Liquidating Trustee may select and employ brokers, banks, custodians, investment advisors, attorneys, accountants, auditors, and other agents. Such agents may be so employed without regard to prior employment of such agents by any Trust Beneficiary. The Liquidating Trustee may employ as a consultant in his administration of the Stringer Liquidating Trust any person or persons having particular knowledge of the affairs of the Debtors, and may place reliance upon the advice of any such person. The Liquidating Trustee may pay the salaries, fees, and expenses of such agents or consultants out of the Liquidating Trust Assets. The Liquidating Trustee shall not be liable for any loss to the Stringer Liquidating Trust or any person interested therein by reason of any mistake or default of any such agent or consultant as shall be selected and retained by the Liquidating Trustee in good faith and without gross negligence.

7. <u>Trust Committee</u>. The Trust Committee, an oversight committee comprised of three (3) members, shall provide guidance and maintain accountability over the Liquidating Trustee. It shall meet monthly, or as frequently as it shall determine. The Trust Committee may act with a quorum of at least two (2) members. It shall be comprised of one (1) representative each designated by (a) Zions, (b) Wells Fargo, and (c) the holder of the largest Allowed General Unsecured Claim that is willing to participate and serve. At such time as Zions' Secured Claim has been fully repaid, its position on the Trust Committee shall be filled with the next largest holder of an Allowed General Unsecured Claim that is willing to serve, failing which the remaining

member(s) of the Trust Committee may petition the Bankruptcy Court to approve an appropriate person(s) to fill one or more vacancies. The Trust Committee may, by unanimous vote, remove the Liquidating Trustee and appoint an interim Liquidating Trustee pending approval of his or her appointment by the Bankruptcy Court. The Trust Committee shall be entitled to reimbursement by the Stringer Liquidating Trust for its reasonable attorneys' fees and expenses up to the annual sum of $10,000.00. The members of the Trust Committee shall serve without compensation.

8.    Fee Notice. On a monthly basis, or as otherwise agreed by the Liquidating Trustee and the Trust Committee, the Liquidating Trustee shall provide to each member of the Trust Committee a statement setting forth (a) his or her compensation and expense reimbursements received from the Stringer Liquidating Trust during the preceding month; and   (b) invoices setting forth the aggregate fees and expenses incurred by professionals engaged by the Liquidating Trustee during the preceding month, together with reasonable documentation of such expenses (any such report, a "Fee and Expense Report"); and the professionals engaged by the Liquidating Trustee shall be entitled to receive payment of such fees and expenses 10 days after providing the Fee and Expense Report (the "Fee Notice Period") to the Trust Committee. Notwithstanding the foregoing, if the Liquidating Trustee or Trust Committee objects to such Fee and Expense Report within the Fee Notice Period, the parties may seek to resolve such objection on a consensual basis. If the parties are unable to reach a consensual resolution, each professional employed by the Liquidating Trustee shall be entitled to payment of the contested portion of its fees and/or expenses only pursuant to a Final Order of the Bankruptcy Court after notice and opportunity for a hearing, provided that each professional employed by the Liquidating Trustee shall be entitled to payment of the uncontested portion, if any, of such fees and expenses upon expiration of the Fee Notice Period. The Fee and Expense Report may be redacted as required to protect all applicable privileges.

9.    Exculpation; Indemnification. The Liquidating Trustee and his or her officers, employees, agents, partners, shareholders, members and representatives, and professionals shall not be personally liable to the Stringer Liquidating Trust or any beneficiary except for such of his, her or its own acts as shall constitute fraudulent or willful misconduct or gross negligence. The Liquidating Trustee and his or her officers, employees, agents, partners, shareholders, members, representatives, and professionals shall be and hereby are exculpated by all persons and entities, including, without limitation, beneficiaries and other parties-in-interest, from any and all claims, causes of action and other assertions of liability arising out of any act or omission of the Liquidating Trustee, except for claims of fraudulent or willful misconduct or gross negligence. No beneficiary or other party-in-interest will have or be permitted to pursue any claim or cause of action against the Liquidating Trustee or his or her officers, employees, agents, partners, shareholders, members, representatives, and professionals for making payments in accordance with the Plan or the Confirmation Order. Any act taken or not taken by the Liquidating Trustee or his or her officers, employees, agents, partners, shareholders, members, representatives and professionals with the approval of the Bankruptcy Court will be conclusively deemed not to constitute fraudulent or willful misconduct or gross negligence; provided, however, that such approval of the Bankruptcy Court is not subsequently deemed void. Except as aforesaid, the Liquidating Trustee shall be defended, held harmless and indemnified from time to time from the Liquidating Trust Assets against any and all losses, claims, costs, expenses and liabilities (including legal costs and expenses), and any costs of defending any action to which the Liquidating Trustee may be subject by reason of the Liquidating Trustee's execution in good faith

of his or her duties under this Agreement. The officers, employees, attorneys, agents, and professionals of the Liquidating Trustee may be likewise defended, held harmless and indemnified. The Liquidating Trustee may obtain for his or her benefit and the benefit of his or her officers, agents, attorneys and employees and the benefit of the Stringer Liquidating Trust, at the expense of the Stringer Liquidating Trust, insurance against claims of liability, damage awards and settlement.

10.     Retention of Funds Prior to Distribution. The Liquidating Trustee shall collect all funds constituting Liquidating Trust Assets and, pending distribution, shall deposit funds with a federally insured financial institution that has banking services. The Liquidating Trustee will deposit funds so that they are adequately insured. Notwithstanding the foregoing, the Liquidating Trustee may (but is not obligated to) invest all Cash funds received into the Stringer Liquidating Trust (including any earnings thereon or proceeds therefrom) in the same manner as chapter 7 trustees are required to invest funds pursuant to the guidelines of the Unites States Trustee's Office, provided that the Liquidating Trustee shall invest funds held in only demand and time deposits, such as Treasury bills, short-term certificates of deposit in banks or savings institutions, or other temporary, liquid and low-risk investments. The Liquidating Trustee shall hold all such funds until they are distributed pursuant to the Plan to Creditors with Allowed Claims. From the Liquidating Trust Effective Date until the date prior to the final Distribution to Creditors under the Plan, the Liquidating Trustee shall maintain the Trust Reserve with a balance not to exceed $200,000.00 for the purpose of securing the payment of the Liquidating Trust's costs of administration.

11.     Quarterly Operating Reports. The Liquidating Trustee shall continue to file quarterly operating reports with the Bankruptcy Court as may be required by the United States Trustee after confirmation of the Plan until the Chapter 11 Cases are closed.

12.     Registry of Beneficial Interests. The Liquidating Trustee shall establish and retain registries of all beneficial interests in the Stringer Liquidating Trust, as issued to the holders of Allowed Claims against each Estate. The Liquidating Trustee shall be responsible to maintain and update such registry; *provided, however*, the Liquidating Trustee shall not be obligated to change any Stringer Liquidating Trust beneficiary's name or address until receiving written correspondence from the party seeking to change the address for receipt of notices and Distributions, together with the written consent of the party previously owning the Claim or interest, if applicable. The Liquidating Trustee retains the right to request additional information to confirm the name and address of such party before making any modification to the registry.

13.     Termination of the Stringer Liquidating Trust. The Stringer Liquidating Trust shall remain and continue in full force and effect until all of the Liquidating Trust Assets have been wholly converted to Cash, abandoned, or assigned, and all costs, expenses, and obligations incurred in administering the Stringer Liquidating Trust have been fully paid, and all remaining income and proceeds of the Liquidating Trust Assets have been distributed in payment of Allowed Claims pursuant to the provisions of the Plan; *provided, however*, that upon complete liquidation of the Liquidating Trust Assets and satisfaction as far as possible of all remaining obligations, liabilities and expenses of the Stringer Liquidating Trust pursuant to the provisions of the Plan and this Agreement prior to such date, the Liquidating Trustee may, with approval of the Bankruptcy Court, sooner terminate the Stringer Liquidating Trust. On the termination date of the Stringer Liquidating Trust, the Liquidating Trustee will execute and deliver any and all documents and instruments reasonably requested to evidence such termination. Upon termination and complete

satisfaction of its duties under this Agreement, the Liquidating Trustee will be forever discharged and released from all power, duties, responsibilities and liabilities pursuant to the Stringer Liquidating Trust other than those attributable to fraud, gross negligence or willful misconduct of the Liquidating Trustee, or the failure of the Liquidating Trustee to pay any taxes.

14.    <u>Replacement of the Liquidating Trustee</u>. The Liquidating Trustee may resign at any time by giving written notice to the Bankruptcy Court (unless the Chapter 11 Cases have been closed). Upon resignation, the Bankruptcy Court may appoint a successor Liquidating Trustee upon nomination of the Trust Committee. In addition to the power of the Trust Committee to remove the Liquidating Trustee, after notice to all Creditors and a hearing, the Bankruptcy Court may remove the Liquidating Trustee for cause. If the office of the Liquidating Trustee becomes vacant for any reason, the Trust Committee (or any member thereof) may move for the appointment of a successor Liquidating Trustee by the Bankruptcy Court. Upon the entry of an order appointing a successor Liquidating Trustee, the resigning Liquidating Trustee shall convey, transfer and set over to such successor Liquidating Trustee by appropriate instrument or instruments all of the Liquidating Trust Assets then unconveyed or otherwise undisposed of and all other assets then in his or her possession under the Liquidating Trust Agreement. Without further act, deed or conveyance, a successor Liquidating Trustee shall be vested with all the rights, privileges, powers and duties of the Liquidating Trustee, except that the successor Liquidating Trustee shall not be liable for the acts or omissions of his or her predecessor(s). Each succeeding Liquidating Trustee may in like manner resign and another may in like manner be appointed in his or her place.

II.    <u>MANAGEMENT OF LIQUIDATING TRUST ASSETS AND DISTRIBUTIONS</u>

15.    <u>Liquidating Trust Transactions.</u> On the Liquidating Trust Effective Date, or as soon as reasonably practicable thereafter, the Liquidating Trustee may take all actions as may be necessary or appropriate to effect any transaction described in, approved by, or contemplated by the provisions of the Plan and this Agreement, including: (i) the execution and delivery of appropriate agreements, bylaws, resolutions or other documents of liquidation containing terms that are consistent with the terms of the provisions of the Plan and this Agreement and that satisfy the requirements of applicable law; (ii) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any property, right, liability, duty, or obligation on terms consistent with the terms of the provisions of the Plan and this Agreement; and (iii) any other action that the Liquidating Trustee determines is necessary and appropriate.

a)    Each of the matters provided for by the provisions of the Plan and this Agreement involving the corporate structure of the Debtors or corporate or related actions to be taken by or required of the Liquidating Trustee shall, as of the Liquidating Trust Effective Date, be deemed to have occurred and be effective as provided in the provisions of the Plan and this Agreement (except to the extent otherwise indicated), and shall be authorized, approved, and, to the extent taken prior to the Liquidating Trust Effective Date, ratified in all respects without any requirement of further action by holders of Claims or Interests, members of the Debtors or beneficiaries of the Stringer Liquidating Trust, as the case may be, or any other entity.

b)    From and after the Liquidating Trust Effective Date, the Liquidating Trustee may operate (or liquidate and wind up) Stringer Liquiding Trust's business and use, acquire,

and dispose of property and settle and compromise claims or interests without supervision by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the Confirmation Order. Without limiting the generality of the foregoing, the Liquidating Trustee may, without application to or approval by the Bankruptcy Court, pay fees that he incurs after the Liquidating Trust Effective Date for professional fees and expenses. Nothing in this provision shall be deemed to prevent the Liquidating Trustee from seeking the Approval of the Bankruptcy Court.

16.     Initial Distributions. With respect to each Allowed Claim, the Liquidating Trustee shall make the initial Distribution on account of such Claim on or before the Initial Distribution Date for such Claim. All Distributions shall be made in accordance with Section V of the Plan.

17.     Means of Payments. Payments made pursuant to the Plan shall be in Cash unless otherwise authorized in the Plan.

18.     Delivery of Distributions and Time Bar to Payments. Subject to Bankruptcy Rule 9010, Distributions under the Plan shall be made at the address of each holder of an Allowed Claim, as set forth on the proofs of Claim filed by such holders (or at the last known address of such holder as of the Confirmation Date if the Liquidating Trustee has not been notified in writing of a change of address). If any Distribution on an Allowed Claim is returned as undeliverable or uncashed, no further Distributions on account of such Claim shall be made unless and until the Liquidating Trustee is notified in writing of the holder of such Claim's then current address, at which time all missed Distributions shall be made to such holder on account of such Claim without interest. Any holder of an Allowed Claim whose Distribution is undeliverable or uncashed must make demand for such Distribution to the Liquidating Trustee in writing on or before 90 days after the date such undeliverable or uncashed Distribution was initially made. After such date, the Claim of any holder with respect to such Distribution shall be forever barred. All such unclaimed Distributions shall be deemed "Unclaimed Property" and shall be redistributed by the Liquidating Trustee to holders of Allowed Claims whose Distributions have been deliverable in amounts to which such holders would have been entitled had the barred claim never been Allowed. The Liquidating Trustee and its agents and professionals are under no duty to take any action to either attempt to locate any holder of a Claim, or obtain an executed Internal Revenue Service Form W-9 from any holder of a Claim.

19.     Unclaimed Property. Any Distribution that becomes Unclaimed Property shall be retained by the Stringer Liquidating Trust free and clear of any claims or restrictions thereon, and any entitlement of any holder of any Claim to such Distributions shall be extinguished and forever barred. Unclaimed Property shall be deposited into a pool for redistribution to other holders of Allowed Claims in the same Class as the intended recipient of the Unclaimed Property.

20.     Uncashed Checks. Checks issued in respect of Allowed Claims will be null and void if not negotiated within ninety (90) days after the date of issuance thereof, and will be treated as Unclaimed Property. In no event shall any funds escheat to a Governmental Unit.

21.     Withholding and Reporting Requirements. Any federal, state or local withholding taxes or other amounts required to be withheld under applicable law in relation to a Distribution

under the Plan shall be deducted from the Distribution and remitted by the Liquidating Trustee to the applicable Taxing Authority(ies). To the extent that this provision affects the holder of a particular Allowed Claim, such holder shall provide to the Liquidating Trustee all such information as the Liquidating Trustee requires in order to comply with such law(s), and no Distribution shall be made to such holder unless and until such information is provided.

22.     *De Minimis* Distributions. Notwithstanding any provision of the Plan to the contrary, no distribution of less than twenty-five dollars ($25.00) must be made from the Stringer Liquidating Trust on account of an Allowed Claim, until such time as final Distribution is made.

23.     Tax Treatment.

a)      The Stringer Liquidating Trust is created for the primary purpose of collecting, liquidating and distributing the assets transferred to it with no objective to continue or engage in the conduct of a trade or business. The Stringer Liquidating Trust is to be classified as a "Trust" for federal income tax purposes within the meaning of Treasury Regulation § 301.7701-4(d). The Liquidating Trustee shall ascribe valuations to the Liquidating Trust Assets on the date of transfer of such assets to the Stringer Liquidating Trust, and such valuations shall be used by the Debtors and the Liquidating Trustee for all federal income tax reporting purposes.

b)      The transfer of the Liquidating Trust Assets to the Stringer Liquidating Trust shall be treated for all purposes of the Internal Revenue Code of 1986, as amended, as a deemed transfer to the Creditors by the Debtors and their estates of any rights that they may have to the Liquidating Trust Assets, followed by a deemed transfer by the Creditors to the Stringer Liquidating Trust, thereby establishing their beneficial ownership in the Stringer Liquidating Trust and making them beneficiaries of the Stringer Liquidating Trust.

c)      The beneficiaries shall be treated as the grantors and deemed owners of the Stringer Liquidating Trust. The Liquidating Trustee shall allocate the Stringer Liquidating Trust income for each taxable year among the beneficiaries in accordance with their respective interests in the Stringer Liquidating Trust, as determined from time to time by the Liquidating Trustee, and the beneficiaries shall be responsible for any tax liability that results from said income. The Liquidating Trustee shall execute and file tax returns on behalf of the Stringer Liquidating Trust as a grantor trust pursuant to Treasury Regulation § 1.671-4(a).

d)      Each beneficiary shall be required, before any distribution of Liquidating Trust Assets is made to such holder, to provide the Liquidating Trustee with an executed IRS Form W-9 or such other appropriate taxpayer identification information as will allow the Liquidating Trustee to file the appropriate tax return on behalf of the Stringer Liquidating Trust. If a beneficiary shall fail to provide the Liquidating Trustee with any requested taxpayer identification information within 90 days after a request for this information, then unless such failure is cured within 10 days of a final request for same and notice of forfeiture, such failure shall be deemed a waiver of all claims against the Stringer Liquidating Trust, including the right to Distributions, and the funds that would otherwise have been distributed to such holder shall revert to the Stringer Liquidating Trust as

Unclaimed Property to be redistributed to other beneficiaries who have provided the requested taxpayer identification information, or as otherwise provided under the Plan.

24. _Objection Deadline_. All Objections to Claims shall be served and filed by the Objection Deadline; _provided, however_, the Objection Deadline shall not apply to any Claim that is not reflected in the claims register, including any alleged informal proofs of Claim. The Liquidating Trustee may seek to extend the Objection Deadline pursuant to a motion filed on or before the then applicable Objection Deadline with respect to any Claim. Any such motion may be granted without notice or a hearing. In the event that the Liquidating Trustee files such a motion and the Bankruptcy Court denies such motion, the Objection Deadline shall nevertheless be automatically extended to that date which is ten (10) Business Days after the date of entry of the Bankruptcy Court's order denying such motion. Any proof of Claim filed more than sixty (60) days after the Effective Date shall be of no force and effect and need not be objected to by the Liquidating Trustee. Nothing contained herein shall limit the rights of the Liquidating Trustee to object to any Claim filed or amended after the Objection Deadline.

25. _Responsibility for Objecting to Claims and Settlement of Claims_.  From and after the Liquidating Trust Effective Date, the Liquidating Trustee shall have the exclusive right to (i) file, settle, or litigate to Final Order any Objection to any Claim; and (ii) seek to subordinate any Claim. Any Contested Claim may be litigated to Final Order.

26. _Authority to Settle_.  From and after the Liquidating Trust Effective Date, the Liquidating Trustee shall have the exclusive right to settle, compromise, or otherwise resolve any Contested Claim without the necessity of any further notice or approval of the Bankruptcy Court. Bankruptcy Rule 9019 shall not apply to any settlement or compromise of a Contested Claim after the Liquidating Trust Effective Date.  Nothing in this provision shall be deemed to prevent the Liquidating Trustee from seeking the Approval of the Bankruptcy Court.

27. _Distributions on Account of Contested Claims_.  No Distribution shall be made on account of a Contested Claim until Allowed. Until such time as a contingent Claim becomes fixed and absolute by a Final Order allowing such Claim, such Claim shall be treated as a Contested Claim for purposes of estimates, allocations, and Distributions under the Plan; provided however, a Final Order shall not be required in connection with any Claim that is not a contingent Claim, or a Claim compromised and settled by the Liquidating Trustee. Any contingent right to contribution or reimbursement shall continue to be subject to Section 502(e) of the Bankruptcy Code.

28. _No Waiver of Rights to Object_.  Except as expressly provided in the Plan, nothing contained in the Disclosure Statement, the Plan, or the Confirmation Order shall waive, relinquish, release, or impair the Liquidating Trustee's rights to object to any Claim.

29. _Rights Under Section 505_.  The Liquidating Trustee shall retain all rights pursuant to Section 505 of the Bankruptcy Code and the other provisions of Chapter 5 of the Bankruptcy Code.

30. _Liquidating and Allowance of Contested or Disputed Claims_. Nothing contained in the Plan, the Disclosure Statement, or the Confirmation Order shall change, waive, or alter any requirement under applicable law that the holder of a Contested Claim must file a timely proof of Claim, and the Claim of any such Creditor who is required to file a proof of Claim and fails to do

so shall be discharged and shall receive no Distribution through the Plan. The adjudication and liquidation of Contested Claims is a determination and adjustment of the debtor/creditor relationship, and is, therefore, an exercise of the Bankruptcy Court's equitable power to which the legal right of trial by jury is inapplicable. The holder of any Contested Claim shall not have a right to trial by jury before the Bankruptcy Court in respect of any such Claim. Exclusive venue for any Contested Claim proceeding shall be in the Bankruptcy Court or a court of competent jurisdiction located in Tarrant County, Texas. Contested Claims shall each be determined separately, except as otherwise ordered by the Bankruptcy Court. Texas Rule of Civil Procedure 42 and Federal Rule of Civil Procedure 23 shall not apply to any Contested Claim proceeding. The Liquidating Trustee shall retain all rights of removal to federal court as to any Contested Claim proceeding.

31.    All Contested Claims shall be liquidated and determined as follows:

a)    <u>Application of Adversary Proceeding Rules</u>.  Unless otherwise ordered by the Bankruptcy Court or provided by the Bankruptcy Rules, any Objection to a Contested Claim shall be treated as a contested matter subject to Bankruptcy Rule 9014. However, any party may move the Bankruptcy Court to apply the rules applicable to adversary proceedings to any Claim Objection. The Liquidating Trustee may, however, at its election, make and pursue any Objection to a Claim in the form of an adversary proceeding.

b)    <u>Scheduling Order</u>. With respect to an Objection to a Claim treated as a contested matter subject to Bankruptcy Rule 9014, the Liquidating Trustee may request entry of a scheduling order as to each Objection to a Claim. The Liquidating Trustee may tender a proposed scheduling order with each Objection and/or include a request for a scheduling conference for the entry of a scheduling order. Any such scheduling order may include (i) discovery cut-off, (ii) deadlines to amend pleadings, (iii) deadlines for designation of and objections to experts, (iv) deadlines to exchange exhibit and witness lists and for objections to the same, and (v) such other matters as may be appropriate.

c)    <u>Mediation</u>.  The Bankruptcy Court may order the parties to mediate in connection with any Objection to a Claim. The Liquidating Trustee may include a request for mediation in an Objection to a Claim and may request that the Bankruptcy Court require mediation as a part of any scheduling order.

32.    <u>Offsets and Defenses</u>.   The Liquidating Trustee shall be vested with and retain all Estate Claims and Estate Defenses, including without limitation all rights of offset or recoupment and all counterclaims against any Claimant. Assertion of any counterclaim by the Liquidating Trustee against a Claimant shall constitute a "core" proceeding.

33.    <u>Claims Paid or Reduced Prior to Liquidating Trust Effective Date</u>. Notwithstanding the contents of the Schedules, Claims listed therein as undisputed, liquidated, and not contingent shall be reduced by the amount, if any, that was paid by the Debtors on behalf of the Debtors prior to the Liquidating Trust Effective Date, including pursuant to orders of the Bankruptcy Court. To the extent such payments are not reflected in the Schedules, such Schedules will be deemed amended and reduced to reflect that such payments were made. Nothing in the Plan shall preclude the Liquidating Trustee from paying any Claim that the Debtors were authorized to pay pursuant to any Final Order entered by the Bankruptcy Court prior to the Confirmation Date.

34. _Acceptance by the Liquidating Trustee._  The Liquidating Trustee is willing and hereby accepts the appointment, to act and serve as Liquidating Trustee of the Stringer Liquidating Trust and to hold and administer the Liquidating Trust Assets pursuant to the terms of this Stringer Liquidating Trust and the Plan.

35. _Transfer of Liquidating Trust Assets to the Stringer Liquidating Trust._  In accordance with the provisions of the Plan, all right, title, and interest of the Estate of the Debtors and to all of the Liquidating Trust Assets as the same exist as of the date hereof, are hereby vested in the Stringer Liquidating Trust and preserved for the benefit of the Trust Beneficiaries.  From and after the Liquidating Trust Effective Date, all of such funds, assets, and properties, together with the Net Proceeds, shall be administered by the Liquidating Trustee on behalf of the Trust Beneficiaries.  Prior to the creation of the Stringer Liquidating Trust, the Debtors shall have executed and delivered or caused to be executed and delivered to, or upon the order of, the Liquidating Trustee any and all documents and other instruments as may be necessary or useful to convey and to confirm title to the Liquidating Trust Assets to the Stringer Liquidating Trust.  After the Liquidating Trust Effective Date, the Liquidating Trustee, acting on behalf of Debtors, shall execute all other documents necessary or useful to convey and to confirm title to the Liquidating Trust Assets to the Stringer Liquidating Trust. Transfer of the Liquidating Trust Assets to the Stringer Liquidating Trust, whether before or after the Liquidating Trust Effective Date, shall constitute a taxable event.

III.  RIGHTS, POWERS, AND DUTIES OF TRUSTEE

36. _Declaration Acknowledging Beneficial Interest._  The Liquidating Trustee hereby acknowledges that, on and after the Liquidating Trust Effective Date, the Trust Beneficiaries will have a beneficial interest in all Liquidating Trust Assets.  The Liquidating Trustee will retain only such powers as are necessary to collect, liquidate, or otherwise convert into cash such funds, assets, and properties and to pay all expenses, taxes, and other payments referred to in this Stringer Liquidating Trust.

37. _No Implied Obligations._  The Liquidating Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Stringer Liquidating Trust.

38. _No Liability for Good Faith Error of Judgment or Other Persons._  The Liquidating Trustee shall not be liable for any error of judgment made in good faith, unless it shall be proved that he was grossly negligent in ascertaining the pertinent facts.

39. _Reliance by Trustee on Documents or Advice of Counsel or Other Persons._  Except as otherwise provided herein, the Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him to be genuine and to have been signed or presented by the proper party or parties.  The Liquidating Trustee may also engage and consult with legal counsel and shall not be liable for any action taken or suffered by a Liquidating Trustee in reliance upon the advice of such counsel.

40. _No Personal Obligation for Trust Liabilities._ Persons dealing with the Liquidating Trustee, or seeking to assert claims against the Debtors, shall look only to the Stringer Liquidating

Trust Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of this Stringer Liquidating Trust, and the Liquidating Trustee shall have no personal, individual obligation to satisfy any such liability.

41.     <u>Resignation</u>.     The Liquidating Trustee may resign as such by executing an instrument in writing; <u>provided</u>, <u>however</u>, that the Liquidating Trustee shall continue to serve as Liquidating Trustee after resignation until the time when appointment of a successor Liquidating Trustee shall become effective in accordance with the provisions of this Agreement.

42.     <u>Appointment of Successor Trustee</u>.     In the event of the death or incompetency, resignation, or removal of the Liquidating Trustee, the Trust Committee shall appoint a successor Liquidating Trustee by a majority vote, who shall serve on an interim basis until approval by the Bankruptcy Court. Such appointment shall specify the date on which such appointment shall be effective. Every successor Liquidating Trustee appointed hereunder shall execute, acknowledge, and deliver to the Trust Beneficiaries and the retiring Liquidating Trustee an instrument accepting such appointment, and thereupon such successor Liquidating Trustee, without any further act, deed, or conveyance, shall become vested with all the rights, powers, trusts, and duties of the retiring Liquidating Trustee.

43.     <u>Trust Continuance</u>.     The death or incompetency, resignation, or removal of the Liquidating Trustee shall not operate to terminate the Stringer Liquidating Trust created by this Agreement or to revoke any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Liquidating Trustee.   In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee shall promptly (a) execute and deliver such documents, instruments, and other writings as may be requested by the successor Liquidating Trustee to effect the termination of the Liquidating Trustee's capacity under the Stringer Liquidating Trust and the conveyance of the Liquidating Trust Assets then held by the Liquidating Trustee to his successor; (b) deliver to the successor Liquidating Trustee all documents, instrument, records, and other writings related to the Stringer Liquidating Trust as may be in the possession of the Liquidating Trustee; and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Liquidating Trustee.

44.     <u>Effect of Trust on Third Parties</u>.     There is no obligation on the part of any purchaser or purchasers from the Liquidating Trustee or any agent of the Liquidating Trustee, or on the part of any other persons dealing with the Liquidating Trustee or any agent of the Liquidating Trustee, to see to the application of the purchase money or other consideration passing to the Liquidating Trustee or any agent of the Liquidating Trustee, or to inquire into the validity, expediency, or propriety of any such transaction by the Liquidating Trustee or any agent of the Liquidating Trustee.

## IV.   <u>RIGHTS, POWERS AND DUTIES OF TRUST BENEFICIARIES</u>.

45.     <u>Interest Beneficial Only</u>.     The ownership of a beneficial interest hereunder shall not entitle any beneficiary to any title in or to the Liquidating Trust Assets as such, or to any right to call for a partition or division of the same, or to require an accounting except as specifically required by the terms hereof.

46. <u>Votes by Beneficiaries</u>. In the event any vote of or consent from the Trust Beneficiaries is required to be taken under this Stringer Liquidating Trust, the Liquidating Trustee shall solicit same by first class mail from registered Trust Beneficiaries. The outcome of such vote shall be determined in favor of the majority of Trust Beneficiaries actually voting, based upon number of participants.

47. <u>Effect of Death, Incapacity, or Bankruptcy of Beneficiary</u>. The death, incapacity, or bankruptcy of a Trust Beneficiary during the terms of this Stringer Liquidating Trust shall not operate to terminate the Stringer Liquidating Trust, nor shall it entitle the representatives or creditors of the deceased Trust Beneficiary to an accounting, or to take any action in the courts or elsewhere for the distribution of the Liquidating Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of any Trust Beneficiary.

48. <u>Conflicting Claims</u>. In the event the Liquidating Trustee becomes aware of any disagreement or conflicting claims with respect to the Liquidating Trust Assets, or if the Liquidating Trustee in good faith is in doubt as to any action which should be taken under this Stringer Liquidating Trust, the Liquidating Trustee shall have the absolute right at his election to do any or all of the following:

a) To the extent of such disagreement or conflict, or to the extent deemed by him necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Stringer Liquidating Trust (save and except the safekeeping of the Liquidating Trust Assets) until the Liquidating Trustee is satisfied that such disagreement or conflicting claims have been fully and finally resolved; or

b) File a suit in interpleader or in the nature of interpleader in the Bankruptcy Court and obtain an order requiring all persons and parties involved to litigate in the Bankruptcy Court their respective claims arising out of or in connection with this Stringer Liquidating Trust; or

c) File any other appropriate motion for relief in the Bankruptcy Court.

## V. MISCELLANEOUS.

49. <u>Applicable Law</u>. The Stringer Liquidating Trust created herein shall be construed, regulated, and administered under the laws of the State of Texas and the United States of America.

50. <u>Relationship Created</u>. The only relationship created by this Stringer Liquidating Trust is the trustee-beneficiary relationship between the Liquidating Trustee and the Trust Beneficiaries. No other relationship or liability is created. Nothing contained herein shall be construed so as to constitute the Liquidating Trustee and the Trust Beneficiaries or their successors in interest as creating any association, partnership, or joint venture of any kind.

51. <u>Interpretation</u>. The enumeration and headings contained in this Stringer Liquidating Trust are for convenience of reference only and are not intended to have any substantive significance in interpreting the same. Unless the context otherwise requires, whenever used in this Stringer Liquidating Trust the singular shall include the plural and the plural shall include the singular. All interpretations of this Agreement should attempt to comply with the intent

of the Plan. Any dispute requiring court intervention to determine the appropriate interpretation of this Agreement shall be raised before the United States Bankruptcy Court for the Northern District of Texas Fort Worth Division. Litigation related to the interpretation of the Plan may only be bought before another court of competent jurisdiction if the United States Bankruptcy Court for the Northern District of Texas Fort Worth Division declines to consider the dispute.

52. <u>Partial Invalidity</u>. If any provision of this Stringer Liquidating Trust shall for any reason be held invalid or unenforceable by any court, governmental agency, or arbitrator of competent jurisdiction, such invalidity or unenforceability shall not affect any other provision hereof, but this Stringer Liquidating Trust shall be construed as if such invalid or unenforceable provision had never been contained herein.

53. <u>Entire Agreement</u>. This Agreement (including the recitals hereof) and the Plan constitute the entire agreement by and among the parties, and there are no representations, warranties, covenants, or obligations except as set forth herein and in the Plan. This Agreement and the Plan supersede all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, if any, of the parties hereto relating to any transaction contemplated hereunder. Except as otherwise specifically provided herein or in the Plan, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Trust Beneficiaries any rights or remedies under or by reason of this Agreement.

54. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts and by the different parties hereto on separate counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

55. <u>Notices</u>. All notices, requests, consents and other communications hereunder shall be in writing and delivered in person or by first class mail, postage and fees prepaid and shall be addressed (i) if to the Liquidating Trustee, to _____, or such other address as such Liquidating Trustee will have furnished to the Trust Beneficiaries, (ii) if to any Trust Beneficiary, to such address as such Trust Beneficiary will have furnished to the Liquidating Trustee in accordance with the plan and the registry of all beneficial interests in the Trust. All such notices or communications will be deemed given when actually delivered or, if mailed, three (3) business days after deposit in the U.S. Mail.

56. <u>Amendment of Stringer Liquidating Trust</u>. Notwithstanding anything in this Agreement, the provisions of the Plan shall control the actions of the Liquidating Trustee. This Stringer Liquidating Trust may be amended, modified, terminated, revoked, or altered only by order of the Bankruptcy Court.

IN WITNESS WHEREOF, the undersigned have caused this instrument to be executed as of the day and year first above written.

Debtors/Grantors:

STRINGER FARMS, INC.

_____

By: _____

Its: _____

_____

Charles Blake Stringer, individually

<u>Accepted</u>:

_____

TYRONE TYLL, LIQUIDATING TRUSTEE